# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TRENIKA WILLIAMS,**<br>    Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-384** |
| **BAPTIST COMMUNITY<br>HEALTH SERVICES, INC.,**<br>    Defendant | **SECTION: "E" (4)** |

## ORDER

On January 18, 2019, Defendant Baptist Community Health Services, Inc. ("Baptist") removed this case from the Civil District Court for the Parish of Orleans, Louisiana.[1] Federal courts are courts of limited jurisdiction and possess only the authority conferred upon them by the United States Constitution or by Congress.[2] Therefore, the Court has an "independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."[3] As a result, the Court may raise the issue of whether it has jurisdiction over this matter *sua sponte*.[4]

Paragraph two of the Notice of Removal first states this Court has diversity jurisdiction under 28 U.S.C. § 1332.[5] Paragraph two then states this Court has jurisdiction because the controversy involves a federal question.[6] The Civil Cover Sheet for this action

---

[1] R. Doc. 1.
[2] *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).
[3] *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)).
[4] *In re Bass*, 171 F.3d 1016, 1021 (5th Cir. 1999) ("Federal courts must be assured of their subject matter jurisdiction at all times and may question it *sua sponte* at any stage of judicial proceedings.").
[5] R. Doc. 1 at 1, ¶ 2.
[6] *Id.*

states the basis of jurisdiction is this Court's federal question jurisdiction under the Medicare Act and cites 42 U.S.C. § 1369.[7]

On January 24, 2019, the Court ordered Defendant to file an amended notice of removal establishing the basis for its assertion that this Court has jurisdiction.[8] Defendant filed an Amended Notice of Removal stating this Court has federal question jurisdiction over Plaintiff's claim that Defendant committed Medicaid fraud, in violation of Louisiana Revised Statues 14:70.1, because it is "a state law claim that implicates significant federal issues."[9] The Court notes Louisiana Revised Statues 14:70.1 is a Louisiana criminal statute[10] that does not provide a private cause of action under Louisiana law.[11]

The Court does not have federal question jurisdiction over this case because Plaintiff's state court petition includes only three state law causes of action, at best.[12] The state court petition does not include a cause of action under the Medicare Act, 42 U.S.C. §§ 1396, 1396a, or any other federal statute. Even if a private plaintiff could bring a claim for a violation of Louisiana Revised Statues 14:70.1, such a claim would not raise a substantial issue of federal law. To demonstrate a violation of Louisiana Revised Statues 14:70.1, a Plaintiff need only show that Defendant contravened Louisiana's Medicaid

---

[7] R. Doc. 5. Defendant erroneously cites 42 U.S.C. § 1369, which governs multiparty, multiforum jurisdiction, instead of 42 U.S.C. § 1396, which deals with Medicaid.
[8] R. Doc. 8.
[9] R. Doc. 10 at 1.
[10] LA. REV. STAT. § 14:70.1 (defining "[t]he crime of Medicaid fraud").
[11] *See Chevalier v. L.H. Bossier, Inc.*, 676 So. 2d 1072, 1076 (La. 1996) ("[N]othing in [LA. REV. STAT. 23:1163, a criminal statute,] explicitly provides an aggrieved employee a private cause of action or a private remedy for an employer's violation of the statute, nor does it provide what such a remedy would consist of. . . . As a violation of LA. REV. STAT. 23:116 may result in a loss of liberty, the statute is clearly a *criminal* provision.") (emphasis in original).
[12] *See Chevalier v. L.H. Bossier, Inc.*, 676 So. 2d 1072, 1076 (La. 1996) ("[N]othing in [LA. REV. STAT. 23:1163, a criminal statute,] explicitly provides an aggrieved employee a private cause of action or a private remedy for an employer's violation of the statute, nor does it provide what such a remedy would consist of. . . . As a violation of LA. REV. STAT. 23:116 may result in a loss of liberty, the statute is clearly a *criminal* provision.") (emphasis in original).

regulations.[13] The mere fact that the Louisiana Medicaid program is jointly funded by the federal government and the State is not sufficient to raise a substantial issue of federal law.[14] As a result, this claim does not raise a substantial issue of federal law and this Court is without jurisdiction to hear this matter. Remand is warranted.

Accordingly;

**IT IS ORDERED** that this case is hereby remanded to the Civil District Court for the Parish of Orleans, Louisiana.

**New Orleans, Louisiana, this 4th day of February, 2019.**

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[13] LA. REV. STAT. § 14:70.1.
[14] *See Virginia ex rel. Hunter Labs., LLC v. Virginia*, 828 F.3d 281, 287-88 (4th Cir. 2016).